UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

LEONARD MOORE #185481,

    Plaintiff,        Case No. 2:09-cv-00173

v.                 Honorable Robert Holmes Bell

LINDA TRIBLEY, et al.,

    Defendants.
_____/

## **OPINION**

    This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Discussion**

I.       Factual allegations

Plaintiff Leonard Moore #185481, an inmate at the Baraga Maximum Correctional Facility (AMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Deputy Warden Linda Tribely, Unknown Trusdale, Unknown Sackett, Christine Post, and Unknown Wise. Plaintiff alleges in his complaint that Defendant Trusdale is regularly placing "harmful toxic chemicals" in Plaintiff's food and that Defendant Tribely is aware of the behavior and has failed to prevent it. Plaintiff seeks both damages and equitable relief.

II.      Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the

court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

In this case, Plaintiff's allegations are wholly conclusory and lack sufficient factual support to deserve serious consideration. *See Nuclear Transport & Storage, Inc. v. United States*, 890 F.2d 1348, 1354-55 (6th Cir. 1989) (civil rights complaints have higher fact pleading requirements). The court is mindful of the rule that *pro se* pleadings are not held to the same stringent standards of attorney-drafted complaints and should be liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). However, basic pleading essentials are not abrogated in *pro se* suits. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The Court is not required to conjure up unpled allegations where the complaint is inadequate. *See McDonald v. Hall*, 610 F.2d 16 (1st Cir. 1979); *Wells*, *supra*, at 594. Thus the court is not required to interpret into the allegations of the instant complaint evidence and factual support found in documents outside the pleadings.

The Sixth Circuit has repeatedly held that a heightened level of fact pleading is required in civil rights complaints. *See e.g. Nuclear Transport & Storage, Inc. v. United States*, 890 F.2d 1348 (6th Cir. 1989); *Chapman v. City of Detroit*, 808 F.2d 459 (6th Cir. 1986); *Cohen v.*

*Illinois Institute of Technology*, 581 F.2d 658 (7th Cir. 1978), *cert. den.* 439 U.S. 1135 (1979); *James v. Rumsfeld*, 580 F.2d 224 (1978); *Place v Shepherd*, 446 F.2d 1239, 1244 (6th Cir. 1971); *Blackburn v Fisk University*, 443 F.2d 121 (6th Cir. 1971). In *Nuclear Transport*, the Court stated:

> The government ... relies on *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986) in which this court stated that a complaint for damages against government officials [under 42 U.S.C. § 1983] must contain more than "mere conclusory allegations of unconstitutional conduct by persons acting under color of state law."
>
> ... We find that the rationale of this court in *Chapman* is applicable to a *Bivens* as well as a 1983 claim. In *Chapman*, this court said:
>
>> There is sound reason for requiring that a civil rights action against a government official or employee state a claim in terms of facts rather than conclusions. When a government employee is sued, if no factual allegations are made, discovery and perhaps even trial may be required to demonstrate that the claim has no merit. Such activities require the government defendant and others such as government attorneys involved in the defense of the claim to divert their attention from their usual activities and to become involved in the litigation to the neglect of their assigned duties.
>
> 808 F.2d at 465.
>
> Moreover, under the doctrine of qualified immunity, government officials are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738 73 L. Ed. 2d 396 (1982). Because of the need to protect government officials from the effects of unfounded damage actions, the Fifth Circuit in *Elliott v. Perez*, 751 F.2d 1472, 1482 (5th Cir. 1985) held that in these circumstances greater specificity should be required in order to support the contention that a plea of immunity should not be sustained. We see no reason why the heightened pleading requirement recognized in *Elliott* and *Chapman* should not apply to a *Bivens* action brought against a federal official.

*Nuclear Transport*, *supra* at 1354-1355.

As stated in *Nuclear Transport*, the purpose of the heightened pleading requirements in civil rights actions against governmental employees is to avoid the need to look to something other than the Complaint to assess whether there exists a claim upon which relief can be granted. In this case, Plaintiff asserts that Defendant Trusdale is placing toxic chemicals in his food, but Plaintiff fails to allege any specific factual allegations in support of this assertion. Therefore, the court will dismiss this complaint.

Moreover, while the court cannot dismiss a case simply because the court finds the factual allegations to be improbable or unlikely, *Id.*, the court may dismiss a case as frivolous where the facts alleged rise to the level of the irrational or are wholly incredible, *Id.*; fanciful, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); fantastic, *Id.* at 328; or delusional. *Id.* The assertion that Defendant Trusdale is placing toxic chemicals in Plaintiff's food appears to be completely fantastic and delusional. Therefore, this claim is properly dismissed. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987); *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986); *Smith v. Rose*, 760 F.2d 102 (6th Cir. 1985); *Johnson v. Stark*, 717 F.2d 1550 (8th Cir. 1983).

Moreover, the court notes that liability under Section 1983 must be based on more than merely the right to control employees. *Polk Co. v. Dodson*, 454 U.S. 312, 325-26 (1981); *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978). Thus, Section 1983 liability cannot be premised upon mere allegations of *respondeat superior*. *Monell*, 436 U.S. at 691; *Polk*, 454 U.S. at 325. A party cannot be held liable under Section 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *See e.g. Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th

Cir. 1989), *cert. denied*, 495 U.S. 932 (1990); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir.), *cert. denied*, 459 U.S. 833 (1982). *See also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied* 469 U.S. 845 (1984).

Supervisory officials can be held liable for the acts of their subordinates only if plaintiff establishes that the supervisor failed to appropriately discharge his supervisory duties, and that this failure resulted in a denial or deprivation of plaintiff's federal rights. *See e.g. Leach*, 891 F.2d at 1246; *Hayes v. Vessey*, 777 F.2d 1149, 1154 (6th Cir. 1985). However, the failure of a supervisor to supervise, control or train the offending employee is not actionable absent a showing that the official implicitly encouraged, authorized, approved or knowingly acquiesced in, or in some other way directly participated in, the offensive conduct. *Leach*, 891 F.2d at 1246. Such a claim requires, at a minimum, that the official had knowledge of the offending employee's conduct at a time when the conduct could be prevented, or that such conduct was otherwise foreseeable or predictable. *See e.g. Gibson v. Foltz*, 963 F.2d 851, 854 (6th Cir. 1992). In addition, plaintiff must show that defendant had some duty or authority to act. *See e.g. Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989) (lower level official not liable for shortcomings of building); *Ghandi v. Police Dept. of City of Detroit*, 747 F.2d 338, 351 (6th Cir. 1984) (mere presence at the scene is insufficient grounds to impose Section 1983 liability in the absence of a duty to act); *accord Hall v. Shipley*, 932 F.2d 1147 (6th Cir. 1991). In addition, merely bringing a problem to the attention of a supervisory official is not sufficient to impose such liability. *See Shelly v. Johnson*, 684 F. Supp. 941, 946 (W.D. Mich. 1987) (Hillman, C.J.), *aff'd* 849 F.2d 228 (6th Cir. 1988). Finally, supervisory liability claims cannot be based on simple negligence. *Leach*, 891 F.2d at 1246; *Weaver v. Toombs*, 756 F. Supp. 335, 337 (W.D. Mich. 1989), *aff'd* 915 F.2d 1574 (6th Cir. 1990).

Plaintiff has not alleged facts establishing that Defendants Tribely, Sackett, Post, or Wise were personally involved in the activity which forms the basis of his claim. The only roles that Defendant Tribely had in this action involved the denial of administrative grievances or the failure to act. Plaintiff does not even mention Defendants Sackett, Post, or Wise in the body of his complaint. Defendants Tribely, Sackett, Post, and Wise cannot be liable for such conduct under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999), *cert. denied*, 530 U.S. 1264, 120 S. Ct. 2724 (2000). Accordingly, the Court concludes that Plaintiff's claims against Defendants Tribely, Sackett, Post, and Wise are properly dismissed for lack of personal involvement.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

Dated: January 5, 2010                         /s/ Robert Holmes Bell
                                               ROBERT HOLMES BELL
                                               UNITED STATES DISTRICT JUDGE